## Commonwealth v. Baney

C.P. of Mercer County, no. 938 Criminal 1996.

*David A. Ristvey, assistant district attorney,* for the Commonwealth.
*Raymond H. Bogaty,* for defendant.

WHERRY, *J.,* June 6, 1997—

## I. INTRODUCTION

This matter is before this court on defendant Jeremy Michael Baney's omnibus pretrial motion in which he argues that certain evidence should be suppressed because it is the fruit of an unlawful search. A suppression hearing was held on April 9, 1997. Thereafter, pursuant to this court's order dated April 9, 1997, the parties

filed briefs addressing the suppression issues. For the reasons set forth below, this court shall grant defendant's omnibus pretrial motion and suppress the evidence discovered as a result of an unlawful search.

## II. FACTS

On April 19, 1996, at approximately 1:30 p.m. on Interstate 80 in Mercer County, Corporal Gary Sawor, an experienced canine narcotics officer with the Pennsylvania State Police, stopped a burgundy Honda Accord because he had observed a partially torn off or bent down state inspection sticker. Corporal Sawor pulled the vehicle over and asked the driver, Joseph Thomas, for his driver's license and vehicle registration. Mr. Thomas informed Corporal Sawor that he did not have a driver's license because it had been suspended for a DUI violation. Mr. Thomas also informed Corporal Sawor that the subject Honda Accord belonged to the passenger defendant Jeremy Baney. Corporal Sawor then asked for some proof of ownership of the subject Honda Accord, but neither the driver nor the passenger were able to produce any evidence of ownership, such as a motor vehicle registration or a pink owner's slip. During this discussion with Mr. Thomas and defendant Baney, Corporal Sawor observed Zig-Zag rolling papers in Mr. Thomas' left shirt pocket. At that time, Corporal Sawor did not ask Mr. Thomas any questions concerning those rolling papers.

Because neither Mr. Thomas nor defendant Baney had been able to produce any documentary proof of ownership of the subject Honda Accord, Corporal Sawor returned to his police car and ran the vehicle identification number and temporary registration number through the National Crime Information Center. As a result of the NCIC search, Corporal Sawor learned that

the subject Honda Accord was not registered to defendant Baney, but instead was registered to a woman by the name of "Jennifer Wright." Corporal Sawor also learned that, at least at that point in time, the subject vehicle had not been reported as stolen.

At this time, another state police officer, Trooper Richard Houk, arrived at the scene. Shortly thereafter, a motor vehicle traveling at an excessive rate of speed passed the police officers. Corporal Sawor pursued the speeding vehicle and left Trooper Houk to complete the paperwork for the traffic violations.

When Corporal Sawor was unable to apprehend the speeding vehicle, he returned to the automobile stop involving Mr. Thomas and defendant Baney. Upon Corporal Sawor's return, Trooper Houk was just completing the paperwork relative to the traffic violations. Upon completing the paperwork, Trooper Houk approached the subject Honda Accord and asked Mr. Thomas to get out of the vehicle and walk to the rear of the vehicle.[1] At that location, Trooper Houk issued Mr. Thomas a traffic citation for driving under suspension and a warning for not having a valid inspection sticker. While Trooper Houk was issuing the citation and warning, Corporal Sawor observed that the Zig-Zag rolling papers that he had earlier observed in Mr. Thomas' left shirt pocket were gone. After all the traffic work was completed, Corporal Sawor asked Mr. Thomas what he had done with the Zig-Zag papers that had been in his

---

1. For safety purposes, a police officer may, consistent with the Fourth Amendment guarantee against unreasonable searches and seizures, order a driver from a vehicle during a traffic stop even though the officer has no articulable basis to suspect that the driver is armed and dangerous or that criminal activity is afoot. *Commonwealth v. Lopez*, 415 Pa. Super. 252, 259, 609 A.2d 177, 181 (1992) (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 108-111 (1977)).

shirt pocket. Mr. Thomas immediately became nervous, began fidgeting back and forth, and avoided eye contact with Corporal Sawor. Corporal Sawor repeated the question, and this time Mr. Thomas informed Corporal Sawor that he had hidden the rolling papers in a hole in the car door. Taking into account (1) that Zig-Zag papers are frequently used in conjunction with marijuana, (2) that Mr. Thomas had concealed the Zig-Zag papers, and (3) that Mr. Thomas was visibly nervous, Corporal Sawor asked Mr. Thomas if he had any marijuana to go along with the Zig-Zag papers. Mr. Thomas informed Corporal Sawor that he did have a small amount of marijuana in a bag under the front seat of the subject vehicle. Mr. Thomas offered to retrieve the marijuana for Corporal Sawor. However, because there could have been a firearm under the front seat, Corporal Sawor told Mr. Thomas that he would retrieve the marijuana. At that point, Corporal Sawor asked defendant Baney, who was still seated in the passenger seat, to exit the subject vehicle. For safety reasons, Corporal Sawor patted down defendant Baney. During that pat-down, Corporal Sawor felt a large bulge in defendant Baney's pocket and asked him what it was. In response, defendant Baney removed a large wad of money from his pocket. Corporal Sawor permitted defendant Baney to keep the money at that time. Thereafter, Corporal Sawor proceeded to search under the front seat and retrieved a bag of marijuana. Mr. Thomas informed Corporal Sawor that the marijuana was his and that defendant Baney did not smoke.

At that point, Corporal Sawor asked both Mr. Thomas and defendant Baney whether there was any additional marijuana in the subject Honda Accord. Mr. Thomas responded that there was no additional marijuana in the vehicle. Although defendant Baney did not verbally

respond to Corporal Sawor's question, he did respond nonverbally by turning very pale, becoming visibly ill and sitting down on the side of the road. Corporal Sawor proceeded to search the rest of the interior of the subject vehicle, but found no additional contraband. Corporal Sawor then secured the keys to the vehicle, opened the trunk, and discovered three bags of luggage. Corporal Sawor grabbed and squeezed the luggage. In one of the bags, Corporal Sawor felt what he immediately believed to be loose marijuana in a plastic bag. Upon opening that bag, Corporal Sawor's belief was confirmed. He found two large plastic bags of marijuana, as well as scales and baggies. At that time, Corporal Sawor arrested both Mr. Thomas and defendant Baney for various offenses under the Controlled Substance Drug Device and Cosmetic Act, 35 Pa.C.S. §780-113(a)(16), (30), and (32).

## III. DISCUSSION

### A. *The Stop of the Motor Vehicle Was Lawful*

A police officer has broad authority to stop a motor vehicle if there are articulable and reasonable grounds for suspecting a violation of the Motor Vehicle Code. 75 Pa.C.S. §6308(b). See also, *Commonwealth v. DeWitt*, 530 Pa. 299, 304, 608 A.2d 1030, 1032 (1992); *Commonwealth v. Benton*, 440 Pa. Super. 441, 445, 655 A.2d 1030, 1033 (1995).

In the present case, Corporal Sawor stopped the subject Honda Accord for an improperly displayed inspection sticker. Because this is a violation of section 4703 of the Motor Vehicle Code, Corporal Sawor had authority to stop the car. Indeed, defendant Baney even con-

cedes that the stop of the subject vehicle for a motor vehicle violation was proper.

B. *The Detention at the Scene After the Issuance of the Traffic Citation and Warning Was Lawful*

After a police officer has completed a routine traffic stop, the driver and any passengers must be allowed to proceed on their way, without being subject to further delay by the police officer for additional questioning. *Commonwealth v. Lopez*, 415 Pa. Super. 252, 261, 609 A.2d 177, 181-82 (1992). In order to justify detaining the driver and any passengers for further questioning, the officer must have "reasonable suspicion of illegal transactions in drugs or of any other serious crime." *Id.* at 262, 609 A.2d at 182. See also, *Commonwealth v. Parker*, 422 Pa. Super. 393, 619 A.2d 735 (1993).

In the present case, while Mr. Thomas was being issued his traffic citation and warning, Corporal Sawor noticed that Mr. Thomas had removed the Zig-Zag rolling papers from his left shirt pocket. Certainly, the fact that Mr. Thomas had removed the rolling papers from his shirt pocket and concealed them in a hole in the car door was evidence inconsistent with the legitimate use of those rolling papers. The fact that Mr. Thomas had hidden the rolling papers, as well as Thomas' nervousness and refusal to make eye contact, provided Corporal Sawor with specific and articulable facts to permit him to make reasonable inquiries aimed at confirming or dispelling his suspicions about the presence of drugs and/or drug paraphernalia. To confirm or dispel his suspicions, Corporal Sawor asked Mr. Thomas if he had any marijuana to use with the rolling papers, and Mr. Thomas responded affirmatively stating that there was marijuana in a bag under the front seat.

After observing the disappearance of the rolling papers from Mr. Thomas' left shirt pocket, Corporal Sawor had a reasonable suspicion that there were illegal drugs in the subject Honda Accord and, therefore, was justified in detaining Mr. Thomas to ask him questions concerning the rolling papers and marijuana. Hence, Mr. Thomas' admission that there was marijuana under the front seat was legally obtained.

## C. *The Warrantless Search of the Entire Motor Vehicle Was Unlawful*

The Commonwealth of Pennsylvania's "jurisprudence of the automobile exception has long required *both* the existence of probable cause and the presence of exigent circumstances to justify a warrantless search." *Commonwealth v. Labron*, 543 Pa. 86, 100, 669 A.2d 917, 924 (1995). (emphasis added)

"In sum, the general rule is that a search warrant is required before police may conduct any search. As an exception to this rule, police may search a vehicle without a warrant where: (1) there is probable cause to believe that an automobile contains evidence of criminal activity; (2) unless the car is searched or impounded, the occupants of the automobile are likely to drive away and contents of the automobile may never again be located by the police; and (3) police have obtained this information in such a way that they could not have secured a warrant for the search, *i.e.* there are exigent circumstances." *Commonwealth v. White*, 543 Pa. 45, 51-52, 669 A.2d 896, 900 (1995). (emphasis omitted)

The Commonwealth argues that there are exigent circumstances in the present case because the police officers had no basis to detain defendant Baney while obtaining a search warrant because the marijuana found in the subject motor vehicle admittedly belonged only

to Mr. Thomas. Under those circumstances, the Commonwealth argues that it would have had to permit defendant Baney to drive away in the subject Honda Accord—thereby possibly losing forever any evidence of criminal activity located in the subject vehicle.

This court finds the Commonwealth's argument to be without merit. Given that the ownership of the subject Honda Accord remained an unresolved issue in that (1) the NCIC search revealed that the subject vehicle was registered to a "Jennifer Wright" and not to defendant Baney and (2) defendant Baney was unable to produce any documentary proof that he actually owned the subject Honda Accord, this court finds that, under those circumstances, the police officers would not have simply permitted defendant Baney to drive away from the scene in a vehicle that may not have belonged to him and, in fact, may have been stolen. Certainly the police officers could have detained defendant Baney until such time as they were able to determine who actually owned subject Honda Accord. The fact that Corporal Sawor had already found a bag of marijuana in the subject vehicle and a large wad of money in defendant Baney's pocket are additional reasons why the police officers would not have simply permitted defendant Baney to drive away from the scene in the subject Honda Accord. Because the police officers had a reason to detain defendant Baney, there were no exigent circumstances in this case that prevented the police officers from obtaining a search warrant for the subject Honda Accord.[2]

---

2. Both probable cause and exigent circumstances must be present to justify a warrantless search of a motor vehicle. *Commonwealth v. Labron,* 543 Pa. 86, 100, 669 A.2d 917, 924 (1995). Because this court finds that there were no exigent circumstances in the present case, this court need not determine whether there was probable cause.

For the reasons set forth above, this court finds that the search of the entire subject motor vehicle was unlawful. Therefore, the evidence obtained as a result of that unlawful search shall be suppressed.

An order in accordance with this memorandum opinion is attached.

## ORDER

And now, June 6, 1997, this matter being before the court on defendant's omnibus pretrial motion, and upon consideration of the evidence submitted at the suppression hearing held on April 9, 1997, and the briefs and argument of the defendant and the Commonwealth, it is hereby ordered that:

(1) Defendant's motion to suppress evidence contained in his omnibus pretrial motion is granted.

(2) The evidence discovered in the trunk of the subject Honda Accord shall be suppressed.